**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENTON R. WHITE, | No. 12-15033 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00400-KJD-VCF |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted September 8, 2014
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

Petitioner Denton White appeals the district court's denial of his habeas

petition. He was convicted in Nevada state court of resisting a public officer,

discharging a firearm into a structure, attempted robbery with use of a deadly

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

weapon, first-degree kidnapping with use of a deadly weapon, assault with a deadly weapon, coercion with use of a deadly weapon, and battery with use of a deadly weapon. He was sentenced to life with the possibility of parole. White's request for a certificate of appealability from this Court was granted on the following issues: first, whether there was sufficient evidence to sustain White's conviction for first-degree kidnapping; second, whether jury instruction no. 12 regarding first-degree kidnapping violated White's constitutional rights; third, whether White's trial counsel was ineffective in failing to object to that instruction; and fourth, whether cumulative error rendered White's trial fundamentally unfair.

We review the decision of the Nevada Supreme Court under the deferential standards of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254.

The Nevada Supreme Court found the evidence was sufficient to support the kidnapping conviction, and its conclusion was not an unreasonable application of federal law. *See id.* at § 2254(d)(1).

White contends that jury instruction no. 12 was not in accord with the Nevada Supreme Court's later decision in *Mendoza v. State*, 130 P.3d 176 (Nev. 2006), and that the jury was therefore not required to find all of the elements of the crime in violation of federal due process. *See In re Winship*, 397 U.S. 358, 364 (1970). The Nevada Supreme Court held, however, that the instruction given was

2

in accord with *Mendoza*. White nevertheless contends that, contrary to *Mendoza*, the instruction permitted the jury to find kidnapping solely on the basis of restraint, and in the absence of any increased risk of harm.

Even assuming the Nevada Supreme Court was mistaken in holding that the instruction satisfied *Mendoza*, and that such a mistake amounted to a violation of federal law, any error was harmless. The record reflects that White moved the victim from one location to another in the apartment at gunpoint. The prosecutor, in closing argument, stressed that such conduct resulted in an increased risk of harm. On the basis of this record, the jury would have had to have found the requisite elements of kidnapping under *Mendoza*, including increased risk of harm.

We cannot hold that counsel was ineffective in failing to object to the instruction. Its language was supported by existing Nevada authority. *See Hutchins v. State*, 867 P.2d 1136, 1140 (Nev. 1994). The Nevada Supreme Court later clarified the law in *Mendoza*.

Because White has failed to demonstrate more than one error, there can be no cumulative error to support granting the writ.

Petitioner's unopposed motion to take judicial notice is GRANTED.

The judgment of the district court is **AFFIRMED**.